**Arfin SHAMSUL, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondent.**

**No. 05–5102–ag.**

United States Court of Appeals, Second Circuit.

July 14, 2006.

Khaghendra Gharti–Chhetry, New York, New York, for Petitioner.

H.S. Garcia, United States Attorney for the District of Puerto Rico, Nelson Perez–Sosa, Assistant United States Attorney, San Juan, Puerto Rico, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Arfin Shamsul, a native and resident of Bangladesh, appeals from the BIA's order affirming Immigration Judge ("IJ") Sandy Hom's order denying his application for asylum, withholding of removal and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not all, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005).

In *Matter of S–P–*, 21 I. & N. Dec. 486, 1996 WL 422990 (BIA 1996), the BIA established that, in certain cases, prosecution could be persecution on a protected ground. *Id.* at 492–493. The BIA held that in evaluating whether prosecution may in fact amount to persecution on account of a protected ground depends on a totality of the circumstances, including the nature of the crime, the severity of the punishment, the applicant's political opinion, the motives behind his actions, and the nature of the prosecution and its motives. Although the motives behind the arrest warrant in the instant case may have been political, the simple issuance of an arrest warrant does not constitute persecution. Shamsul managed to leave his hometown before the police came looking for him and he was not subject to any persecution or prosecution as a result of the arrest warrant. Furthermore, given the significant inconsistency between Shamsul's asylum application affidavit and his subsequent testimony at his deportation hearing regarding the alleged persecution by the BNP October 2001, the IJ's adverse credi-

48

bility determination was supported by substantial evidence. *See Zhou Yun Zhang v. United States Immigration and Naturalization Service,* 386 F.3d 66, 74 (2d Cir. 2004).

Although Shamsul claims that he will be persecuted if he returns to Bangladesh, he has failed to submit any evidence to prove that the link between the existence of an outstanding arrest warrant based on his failure to appear in court to answer to criminal charges relating to vandalism and future persecution. Shamsul claims that the police filed a case against him about an entirely false incident. However he was unable to show that a police investigation would result in the type of conduct required to meet the burden of proof to show a well-founded fear of persecution. Moreover, the IJ reasonably determined that Shamsul undermined his own claim when he admitted under oath that he had abandoned politics. As a result, the BIA's and IJ's determinations are supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).